THE STATE v. SCHATZ, *Appellant.*

1. **Indictment for Stealing Corn.** An indictment under section 72, page 465a, Wagner's Statutes, for stealing corn, alleged that the owner of the land from which the corn was taken, was to the grand jurors unknown, but that it was in the possession and under the control of one R. The indictment being assailed on the ground that these averments were inconsistent. *Held,* that the objection was untenable.

2. ———: Such an indictment need not state who was the owner of the corn, or that the name of the owner was unknown to the jury.

3. ———. The land from which the corn was taken was described in an indictment drawn under section 72, *supra,* as "lots 53, 54, 66, 67 and 68, in range H, of the city of Cape Girardeau." *Held,* a sufficient description.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

*Wilson Cramer* for appellant.

*J. L. Smith,* Attorney-General, for the State.

HENRY, J.—The defendant was indicted in the circuit court of Cape Girardeau under the third sub-division of section 72, Wagner's Statutes, page 465a, which is as follows: "Every person who shall steal, take and carry away any timber, rails or wood standing or growing on the land of another, or who shall steal, take and carry away any coal or mineral ore, or stone belonging to or being in or

on the land of another, or who shall steal, take and carry away any roots, plants, grain, corn, flax, hemp or any cultivated grass or fruit, in which he has no right or interest, standing, lying or being on the land of another, shall be deemed guilty of petit larceny, and upon conviction thereof shall be punished by imprisonment in the county jail not exceeding ninety days, or by a fine of not less than ten dollars, nor more than one hundred dollars, or both such fine and imprisonment." The indictment charges: "That one William Schatz, on the 28th day of Sept. 1876, at &c., did unlawfully steal, take and carry away, one bushel of corn of the value of forty cents, in which said corn he, the said Wm. Schatz, did not then and there have any right or interest, and which said corn was then and there standing on a certain tract, piece or parcel of land to wit: lots 53, 54, 66, 67 and 68 in range H. of the city of Cape Girardeau &c., which said land was then and there the land of another, and not the land of said Wm. Schatz, but the owner of which said land is to these jurors unknown, but which said land was then and there, at the time of the commission of the theft aforesaid, in the possession of and under the control of one Robert Randal, contrary, &c.

Counsel for defendant contends that the indictment is defective, in that it fails to state who was the owner of the corn, or that the name of the owner was unknown to the jury; that it alleges that the owner of the land is unknown and at the same time says that it was in possession and under control of Robert Randal, and the two averments are inconsistent, Randal being the owner of the land within the meaning of the statute, if in possession and control thereof; that the land is not described with sufficient precision.

The second objection is untenable, because if Randal being in possession and control of the land, is to be deemed the owner, then the ownership of the land is alleged. If not, then the averment that the owner of the land was to the grand jurors unknown, is

1. INDICTMENT FOR STEALING CORN.

sufficient.    The inconsistency is more  apparent than real. The first averment, that the owner is to the jurors un- known, relates to the person in whom the legal title was vested and is consistent with the averment of the posses- sion and control alleged in Randal.

The first alleged defect presents a question of some difficulty.    Section 72, *supra*, declares that, "every person who shall steal, take and carry away any * * roots, plants, grain, corn, flax or hemp, &c., in which he has no right or interest, standing, lying or being on land of another, shall be deemed guilty of petit larceny." In all indictments at common law, it was necessary to state the name of the owner of the goods alleged to have been stolen.    Larceny could not be committed of goods of which there was no owner.    Every larceny involves a trespass, and the ownership must be laid in some one who could maintain an action of trespass for the recovery of the property. 2 Bishop's Crim. Proced., § 683.  Possession is sufficient ownership.   It is not necessary to prove that the person alleged to be the owner had the legal right to the property.   Does not the statute, however, make the taking of goods under the circumstances mentioned therein, lar- ceny without regard to their ownership? It does not, in terms, require that the goods should be the goods of another, but that the defendant had no right or interest in them, and that they were taken from "the land of another." We think that the trespass on the land of another and stealing and taking any roots, plants, grain, &c., standing, lying or being on the land, by one who has no interest in the roots or grain &c., so taken, is by that section constitu- ted a larceny, whether owned by the owner of the land, or if such could be the case, owned by no one.   The language of the section is a little inaccurate.   The term "stealing" includes larceny.   The articles mentioned were not subjects of larceny until made so by that section.  The obvious mean- ing of the section is that if such property as is named therein be taken under circumstances which would constitute the

taking a larceny in the case of goods of which a larceny could be committed at common law, it shall be deemed a larceny.

The land was sufficiently described to apprise the defendant of its precise locality. It is a tract of land made up of five lots in a given range, and within the limits of the city of Cape Girardeau. The evidence warranted the verdict, and all concurring, the judgment is affirmed.