## Chesapeake & Ohio Railway Co. v. Selsor.

(Decided February 10, 1911.)

Appeal from Lewis Circuit Court.

A carrier may refuse to receive as a passenger one who is so far intoxicated as to affect his conduct, although he is not boisterous or annoying to other passengers.

WORTHINGTON, COCHRAN & BROWNING for appellant.

A. D. COLE and JOHN E. LITTLETON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

M. D. Selsor brought this suit against the Chesapeake
& Ohio Railway Company charging that he bought a
ticket at Vanceburg, Kentucky, to go to South Ports-
mouth, Kentucky, on April 3, 1910; that he got on board
the regular passenger train to go to South Portsmouth,
and that the conductor stopped the train and ejected
him from it.   An answer was filed by the defendant put-
ting in issue the allegations of the petition, and pleading
affirmatively facts to warrant his ejection from the train.
On a hearing of the case, there was a verdict and judg-
ment in his favor for the sum of $200. The railroad com-
pany appeals.

The facts in the case are few and simple, and there is
little conflict in the evidence.   The plaintiff bought his
ticket from the ticket agent, and when the train came,
started to get on the train.   The conductor saw him, and
told him not to get on the train, that he would not carry
him.   He then went up to the smoker and got on the car,
when the brakeman saw him, stopped the train and put
him off.   The conductor testified that he told him not to
get on the train, that he could not carry him because he
was in a very drunken condition, and a young man was
leading him.   Other witnesses say that he was staggering
drunk or helplessly intoxicated, while others say that he
was drinking but not boisterous and was able to walk.
On this evidence the court gave the jury these instruc-
tions:

"1. The jury are instructed that if they shall believe
from the evidence that the plaintiff, M. D. Selsor, pur-
chased from the agent of defendant at Vanceburg, Ken-
tucky, a ticket over the defendant's railroad from said
point to Portsmouth on April 3, 1910, and offered to be-
come a passenger on defendant's train on the said day
on the ticket so purchased, and the defendant refused to
accept him as a passenger, and expelled him from the
train after he had entered thereon for the purpose of
becoming a passenger, then the law is for the plaintiff
and the jury will find for him such a sum of money as will
fairly and reasonably compensate plaintiff for humilia-
tion or mortification, if any, to which he may have been
subjected by reason of his being removed from the train,
not exceeding however, the sum of $2,000, the amount
claimed in the petition.

"But if the jury shall believe from the evidence as in-
dicated in instruction No. 2, they will find for defendant,
although they may believe the plaintiff was expelled

from defendant's train or refused passage thereon as indicated in this instruction.

"2. The jury are instructed that it is a public offense for any person while riding on a passenger train in this State to be drunk thereon to the annoyance of other passengers on said train, and it is the right and duty of the conductor in charge of a train upon which such offense is committed, either to put the person so offending off the train, or to give notice of such offense to some peace officer at the first stopping place where any such peace officer may be, and it is the duty of such peace officer when so notified by such conductor, to arrest such offender, and carry him to the most convenient magistrate of the county in which the arrest is made, and in expelling the offender from the train, the conductor has the right to use such force as is reasonably necessary therefor, if the eviction be forcibly resisted. And if the jury shall believe from the evidence that the plaintiff, M. D. Selsor at the time and upon the occasion when he was expelled from the defendant's passenger train on April 3, 1910, mentioned in the evidence, if he was so expelled therefrom, was intoxicated to such an extent as to be an annoyance or offensive to passengers on the train, then the defendant had the right to refuse to accept the plaintiff as a passenger on its train, and to expel him for the train if he got on same, in such condition, and if plaintiff was in the condition aforesaid, and was expelled from defendant's train for that reason, the law is for the defendant, and the jury will so find."

It is undisputed in the evidence that the conductor told the plaintiff not to get on the train, that he could not carry him, and that the plaintiff after he was so told by the conductor in violation of the conductor's instructions, went upon the car. When he so went upon the car, although he had a ticket, he was a trespasser, if the conductor was right in refusing to carry him, and in this event, he can not recover anything for his ejection from the train. The carrier was not obliged to receive the plaintiff as a passenger on its train if he was drunk; although he had bought a ticket. Persons who are not in a proper condition to be received on the train may be refused admittance by the carrier. Section 806, Ky. Stat., applies to passengers who have been received on the train; it has no application to persons who present themselves to be received. The statute was intended for the protection of the carrier and not to change the common

law rule as to what persons the carrier is bound to receive. The case of C. & O. R. R. Co. v. Crank, 128 Ky., 329, is not like this case. There the passenger was on the train. He had been accepted as a passenger, and was ejected from the train while on his journey. Section 806, Ky. Stats., is as follows:

"If any person while riding on a passenger or other train, shall, in the hearing or presence of other passengers, and to their annoyance, use or utter obscene or profane language, or behave in a boisterous or riotous manner, or obtain, or attempt to obtain money or property from any passenger by any game or device, he shall be fined for each offense not less than twenty-five nor more than one hundred dollars, or imprisoned in the county jail not less than ten nor more than fifty days, or both so fined and imprisoned; and it shall be the duty of the conductor in charge of any train upon which there is a person who has violated the provisions of this section either to put such person off the train, or to give notice of such violation to some peace officer at the first stopping place where any such officer may be."

The statute was applicable in the Crank case, but it has no application here. The question here is simply, did the conductor have the right to refuse to receive the plaintiff as a passenger on the train?

Louisville, Etc., R. R. Co. v. McNally, 105 S. W., 124, is on all fours with this case. There it was held that the court should instruct the jury that if the plaintiff, when he offered to get on the train was so far intoxicated as to affect his conduct, the conductor had a right to refuse to receive him on the car, and the jury should find for the defendant. In lieu of the instructions given the court should have instructed the jury as above indicated.

Judgment reversed and cause remanded for a new trial.