## Reasor v. Paducah & Ill. Ferry Co.

(Decided February 13, 1913.)

### Appeal from McCracken Circuit Court.

1. Carriers—Control and Regulation—Who are Common Carriers.—A steamboat, holding itself out to the public as a carrier of passengers and freight, is a common carrier; and the fact that it is running a special excursion does not relieve its owners of the duties, imposed upon it as a common carrier.

2. Carriers—Carriage of Passengers—Relation Between Carrier and Passenger—Duty to Receive and Transport.—A common carrier owes to the public the duty to carry, without discrimination as far as practicable, all who apply for passage and tender in payment the established fare therefor, or who provide themselves with tickets entitling them to passage. It may deny passage to or exclude from its conveyance, one already a passenger, if he is helplessly intoxicated, or so much so that he will probably annoy other passengers; and it may deny passage to, or exclude from its vehicle, persons of notorious bad character or who habitually misbehave, if it is apparent that the safety and comfort of other passengers would be endangered by their presence. A passenger cannot lawfully be denied passage, upon the ground of drunkenness and misconduct on a former occasion when he was a passenger, if when he presents himself for passage, he is sober and of decent demeanor.

3. Carriers—Carriage of Passengers—Relation Between Carrier and Passenger—Ejection of Passengers—Action for Wrongful Eject-ment.—An agent in charge of a steamboat having notified a passenger that he was not desired as such and requested him to leave and having caused a police officer to tell him he would have to leave the boat, in obedience to which the passenger left, there was an ejectment; and, the passenger being, at the time, sober and of decent behavior, the expulsion was wrongful.

4. Carriers—Damages.—Under the evidence, plaintiff held entitled to at least nominal damages for being wrongfully ejected by the carrier from its boat.

5. Carriers—Evidence Damages.—In an action for wrongful eject-ment of a passenger by a carrier, it may show the conduct of the passenger on a former occasion, in mitigation of damages.

MILLER & MILLER, for appellant.

BERRY & GRASSHAM, for appellee.

OPINION OF THE COURT BY JUDGE LASSING.—Reversing.

J. W. Reasor bought a ticket of the Paducah & Illinois Ferry Company at Paducah, entitling him to passage on said company's boat from that point to Golconda, Ill. He went upon the boat; the officer in charge came to him and told him that he was not an acceptable passenger, and requested him to leave the boat. He did not do so immediately, but did leave, when a police officer, who was at the time doing duty at the wharf and perhaps on the boat, told him that he would have to leave the boat, because the management would not take him as a passenger. The company tendered to him and he accepted from it the money which he had paid for the ticket, before he left the boat. Shortly thereafter, he brought suit against the company, in which he sought to recover $5,000 in damages, alleged to have been sustained by him because of having been forcibly required to leave the boat after he had become a passenger thereon. The company in its answer, set up three defenses. First, a traverse; second, a plea that plaintiff voluntarily left the boat; and third, that, upon the date in question, the boat was not engaged as a common carrier, but was running a special excursion from Paducah to Golconda; and that it declined to accept plaintiff as a passenger because, on a previous occasion, he had been guilty of misconduct on the boat, in this, that he had insulted a lady passenger, cursed and swore upon the boat in the presence and hearing of lady passengers, and by his general behavior, while in a drunken and disorderly

condition, rendered himself obnoxious, not only to employes of the boat, but to its passengers; and, for this reason, it declined to permit him again to become a passenger on the boat. To this latter paragraph of the answer, a demurrer was sustained and the case was submitted to a jury upon two issues: First, as to whether or not the officers of the company had forcibly required him to leave the boat, after he became a passenger thereon; and second, whether or not he voluntarily left the boat. The jury found in favor of the defendant, and plaintiff appeals and seeks a reversal upon two grounds. It is insisted first, that he was entitled to a peremptory instruction, at the conclusion of all the evidence; and second, that, if it should be held, under the state of the record, that the peremptory should not have been given, then the judgment should be reversed, because flagrantly against the evidence.

A steamboat company, holding itself out to the public as a carrier of passengers and freight, is a common carrier within the meaning of the statute, and the duties imposed upon common carriers, by the laws of the land, are applicable to it. The fact that it is running a special excursion does not have the effect of relieving its owners of the duty imposed upon it as a common carrier. 6 Cyc., 535; Indianapolis, etc. R. Co. v. Rinard, 46 Ind., 293. One of the duties, owing by a common carrier to the public, is to carry, without discrimination, as far as practicable, all persons who apply for passage and tender in payment therefor the established fares, or provide themselves with tickets entitling them to passage. But this duty to serve the public does not deprive the carrier of the right to make reasonable and proper rules for the conduct of its business, among which may be enumerated the right to deny passage to, or to exclude from its conveyance, one already a passenger, if such person is in such an intoxicated condition as to be unable to care for himself, or as to make it probable that he will annoy or disturb the other passengers; or, it may refuse passage to, or exclude from its vehicle, a person of notorious bad character, or one habitually guilty of misconduct, when it is apparent that the safety and comfort of the other passengers will be endangered by the presence of such person in the conveyance. The fact that, on a former occasion, a passenger had been guilty of misconduct, drunk, boisterous, and indecent in his be-

havior toward other passengers, will not justify the carrier in refusing to permit him to again travel upon its conveyance, if, when he presents himself for passage, he is sober and is conducting himself in a decent and orderly manner.

There is nothing in the record to show that appellant, on the occasion in question, was drunk, or drinking, or disorderly; on the contrary, the evidence distinctly negatives such an idea. The refusal of appellee to carry him as a passenger on its boat was based solely on the fact that he had not conducted himself in a gentlemanly manner on a former occasion. As stated, this furnished appellee no excuse for refusing him passage; and the trial court properly held this plea bad on demurrer.

Appellee's plea that appellant voluntarily left the boat, and, of his own volition, declined to make the trip, is not supported by any evidence: The captain, or person in charge of the boat, told him that he was not desired as a passenger, requested him to leave, and had a police officer tell him, in substance, that he would have to get off the boat. In obedience to these requests, amounting to a command, he left the boat. The effect of these acts, on the part of those in charge of the boat, was the equivalent of a refusal to permit him to remain a passenger upon the boat, and consequently equivalent to ejecting him from the boat. Appellant was guilty of no misconduct at the time. Being a passenger on the boat, he was entitled to passage, and these acts, on the part of those in charge, constituted an unlawful expulsion, and no instruction should have been given the jury, save a peremptory to find for the plaintiff the compensatory damages which he had sustained by reason of the wrongful act of the defendant company. Appellant, unde· the facts proven, was entitled to, at least, nominal damages. Appellee was entitled to show the circumstances leading up to its refusal to permit appellant to make this trip, to-wit: his conduct on a former occasion, in explanation of its conduct, and the court did not err in so holding.

Judgment reversed and cause remanded for a new trial consistent with this opinion.