## Chesapeake & Ohio Railway Company v. Gatewood.

(Decided October 3, 1913).

### Appeal from Franklin Circuit Court.

1. Railroads—Action for Refusal to Admit Passenger—Province of Jury—Evidence.—In an action to recover damages for the refusal of the appellant, railroad company's trainmen to admit the appellee to its train as a passenger, upon the ground that he was intoxicated at the time, it cannot be said that, because appellee's own testimony furnished practically the only evidence in support of this cause of action, the verdict was flagrantly against the

evidence. It was the province of the jury to pass upon the evidence as a whole, and they had the right to give greater credence to that of appellee than to the evidence in contradiction thereof, furnished by a greater number of witnesses introduced in behalf of appellant.

2. Railroads—Passengers—Failure to Prove Ejectment From Train.— The failure of the appellee to prove that he was ejected from the train was not fatal to his right to recover, as it was alleged in the petition that he was refused permission to enter the train, as well as ejected therefrom; therefore, proof of either a wrongful ejection or refusal to permit him to enter the train, was sufficient to take the case to the jury.

3. Railroads—Refusal to Admit Passenger—Action for—Instructions —Intoxication of Passenger.—The jury were not properly instructed, as the instruction given erroneously advised them that appellant's trainmen had no right to refuse appellee entrance into the train unless he was so intoxicated as to be "offensive to other passengers on the train," or unable to "care for himself." Whereas, they should have been instructed that if, when he attempted to enter the train, appellee was so intoxicated as to affect his conduct, make him offensive to other passengers, or render him unable to care for himself, appellant's servants had the right to prevent him from entering the train.

SHELBY & SHELBY, R. L. NORTHCUTT and IRA JULIAN for appellant.

J. HUNT JACKSON, GUY H. BRIGGS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Franklin Circuit Court entered upon a verdict awarding appellee $400 damages sustained by him, as alleged, from the wrongful act of appellant in refusing to receive him as a passenger upon one of its trains from Shelbyville to Frankfort.

It appears from the evidence found in the record that appellee, who is a resident of Frankfort, went to Shelbyville, on the morning of November 3, 1911, to attend the Shelby County court. Meeting there with friends, he took with them several drinks during the course of the day. He admitted taking as many as four drinks of brandy, some of which were imbibed in the afternoon. Before the arrival of the train upon which he expected to go to Frankfort, he went to the postoffice to see his father-in-law, who was postmaster, and, after a short conversation with him, proceeded on his way to the railroad station, where he purchased from the ticket agent

of the Louisville & Nashville Railroad Company a ticket
to Frankfort. After purchasing the ticket, he took a
seat in the waiting room of the station to await the ar-
rival of the train, and immediately fell asleep. When
the train got to the station some one awakened him and
told him that the train would soon leave for Frankfort.
He then got up and went out of the waiting room to the
train, which appellant's servants would not permit him
to enter.

Appellee denied that he was asleep while in the wait-
ing room, but the brakeman and B. J. Jesse, a livery
stable keeper of Frankfort, saw him asleep and also saw
him awakened upon the arrival of the train. Appellee
also denied that he was intoxicated; but both the brake-
man and Jesse testified that such was his condition, and
that, upon leaving the waiting room, he staggered in
walking. In addition, the brakeman testified that he told
appellee he was too drunk to get on the train and that
he would have to see the conductor in order to do so.
While they were talking, the appellee insisting upon his
right to get upon the train and the brakeman refusing
to permit him to do so, the conductor came along and,
according to his testimony and that of the brakeman,
told appellee that he could not permit him to get on the
train because of his intoxicated condition. According to
the further testimony of the conductor and brakeman,
appellee was then so intoxicated as to be unable to take
care of himself. Appellee's father-in-law testified that,
when he talked with him at the postoffice, he saw from
the appearance of his eyes that he had been drinking,
but that he was not, in his opinion, intoxicated. The
father-in-law, after the refusal of appellant's employees
to permit appellee to enter the train, procured for him
a horse, vehicle and driver to bring him to Frankfort
that night. The driver, a colored man, testified that ap-
pellee was so under the influence of liquor that he slept
during the drive from Shelbyville to Bridgeport, a vil-
lage seventeen miles from Shelbyville and five miles
from Frankfort, and that upon reaching Farnkfort he
took another drink. Appellee not only denied that he
was intoxicated at the time he attempted to enter the
train, but also denied that he was intoxicated at any
time during that day or night.

According to the testimony of appellee, no force or
violence was used to prevent him from entering the
train further than that the brakeman, as the train was

leaving, barred his entrance to it by slightly pushing him with his arm. Upon the other hand, the conductor and brakeman testified that he was courteously treated by them, and both denied that the brakeman pushed him with his arm.

At the conclusion of appellee's evidence and again after the evidence was all introduced, appellant asked of the court a peremptory instruction directing a verdict for it, which was refused, to which it excepted. The motion for the peremptory instruction was made upon the theory that there was such a variance between appellee's evidence and the allegations of his petition as prevented a recovery. We do not think this is so. The allegations of his petition are, that he was, by reason of the gross negligence and carelessness of the defendant and its servants, then in charge of the train, "rudely ejected therefrom and denied passage upon said train; that he was talked to in an outrageous and insulting manner and finally shoved bodily away from the train by one of defendant's servants and employees." If, as alleged, he was wrongfully prevented from entering the train by appellant's servants, proof of that fact, without the alleged ejection, entitled him to recover. If correct in this conclusion, it follows that the circuit court did not err in refusing the peremptory instruction.

It is also contended by appellant that the verdict is flagrantly against the evidence, and for this reason it is entitled to a reversal of the judgment. It cannot be said that the case is one in which the recovery rests upon evidence amounting to no more than a scintilla, for, we have, upon the one side, the evidence of appellee strongly conducing to show a right of recovery, while the evidence in behalf of appellant disproves such right. It was, however, the province of the jury to accept the testimony of appellee alone as against that of the greater number of witnesses introduced in behalf of appellant. It is not proper for us to say whether, upon the facts presented by the evidence, we would have found in favor of appellant, nor to express an opinion as to whether it preponderated in favor of appellant or appellee. The evidence being conflicting, it was the province of the jury to weigh and pass upon it, and no reason is apparent for our disturbing the verdict upon the ground indicated.

We, however, concur with appellant's counsel that the court did not properly instruct the jury as to the law of the case. The instructions given erroneously told

the jury that appellant had no right to refuse appellee admission into the train unless he was so intoxicated as to be "offensive to other passengers on the train," or unable to "care for himself." Whereas, they should have been advised that, if appellee, when he attempted to enter the train, was so intoxicated as to affect his conduct, or to make him offensive to other passengers on the train, or to render him unable to care for himself, appellant's servants had the right to prevent him from entering the train. In L. & E. R. R. Co. v. McNally, 31 Rep., 1357, a case practically the same as the one at bar, we condemned instructions substantially like those complained of by appellant, and said: "On another trial, in lieu of the instructions given, the court will instruct the jury, in substance, as follows: * * * That if the plaintiff, when he offered to get on the car, was so far intoxicated as to affect his conduct, or if the conductor believed and under all the circumstances had reasonable grounds to believe that, if admitted to the car, he would be boisterous or disorderly, or if, on previous occasions when intoxicated he had been guilty of vulgar or offensive conduct on the cars of defendant, and was at the time in a similar state of intoxication, then in any of these states of case the conductor had a right to refuse to permit him on the car, and the jury should find for the defendant, unless the conductor pushed him from the car as set out in instruction No. 1." C. & O. Ry. Co. v. Selsor, 142 Ky., 163.

When this case is again tried the court, in lieu of its former instructions, should instruct the jury as follows:

If the jury believe from the evidence that when plaintiff attempted, after purchasing a ticket for transportation from Shelbyville to Frankfort, to enter the train of appellant he was in a sober condition or not so intoxicated as to affect his conduct, or render him offensive to other passengers on the train, or to render him unable to care for himself, they should find for plaintiff and fix his damages at such sum as will fairly compenstate him for the humiliation of feeling, if any, he suffered, and such further sum in addition to the loss of the price of his ticket as he necessarily expended, not exceeding five dollars, by way of expense incurred, if any, in returning in a buggy from Shelbyville to his home, that may have resulted from and been directly caused him by the act of the defendant's servants in re-

fusing to permit him to enter its trains, but the damages, if any are allowed, should not altogether exceed $2,000.

In addition to the foregoing instruction, the court should give instruction "Y," asked by appellant's counsel and refused on the former trial, so corrected as to read as follows:

The jury are further instructed that, if the servants of defendant believed and had reasonable grounds to believe that the plaintiff, when he offered to board the train of defendant at Shelbyville, was so far intoxicated as to affect his conduct, or to make his presence on the train offensive to other passengers thereon, or to render him incapable of properly taking care of himself, they had the right to refuse to receive plaintiff as a passenger on said train, and in such event the jury should find for the defendant.

On the question of the measure of damages, the above instruction directed to be given on the next trial was approved in Southern Railway Co. v. Hawkins, 121 Ky., 415.

As the evidence in this case shows that appellant's servants in refusing appellee permission to enter the train were not insulting, violent, wanton or reckless in their rejection of him as a passenger, no reason is apparent for allowing the recovery of punitive damages. It is well settled that whether there is any evidence in a given case to justify the assessment by the jury of exemplary damages is for the determination of the court. Sedgwick on Damages, section 387; McHenry Coal Co. v. Snedden, 98 Ky., 686; Lexington Railway Co. v. Fain, 25 Rep., 2243.

We are not required to determine whether appellee had the right to use upon appellant's train, the ticket he purchased at Shelbyville calling for transportation on a train of the Louisville & Nashville Railroad Company over the same line of road uesd by appellant's trains. As appellee's right to use the ticket upon appellant's train was not denied by its answer or questioned upon the trial, it cannot complain that no proof was introduced to show such right.

Because of error in the instructions the judgment is reversed and cause remanded for a new trial consistent with the opinion.