THE STATE v. W. M. FARRIS, Appellant.—61 S. W. (2d) 703.

Division Two, June 24, 1933.

18

*Roy McKittrick*, Attorney-General, and *Harry G. Waltner, Jr.*, Assistant Attorney-General, for respondent.

WESTHUES, C.—Appellant was convicted in the Circuit Court of Oregon County, Missouri, on a charge of severing, taking and stealing ten walnut trees from certain lands described in the information. The jury, by their verdict, found appellant guilty but stated that they were unable to agree upon the punishment to be assessed. The trial court overruled appellant's motion for a new trial and thereupon imposed a sentence of two years' imprisonment in the penitentiary. From this judgment an appeal was taken.

Appellant has not favored us with a brief. We will pass on the points preserved for our review in the motion for a new trial. The State's evidence was ample to sustain a conviction. Witnesses testified that they had examined the stumps from which the walnut trees

had been severed and compared them with certain walnut logs at Doniphan, Missouri. By this comparison they were able to definitely identify the logs as having been cut from the land described in the information. There was evidence introduced, and appellant admitted, that he had aided in loading the logs on trucks. One witness testified that appellant had made a statement that he, appellant, had paid one of the truck drivers four dollars for taking a load of the logs to Doniphan. Appellant lived a short distance from where the trees were cut. He admitted that he accompanied the truck driver with a load of logs to Doniphan, but explained this by saying that he had helped load the logs for the purpose of obtaining a ride to Doniphan. One witness testified he had seen appellant and his son near the logs and the place at the creek where the logs had been cut. The State also introduced evidence that appellant had no interest in the trees or land from which they were taken and had no right to cut them.

In the motion for new trial the point is made that there was a fatal variance between the charge and the proof as to the ownership of the property stolen. The information alleged ownership of the timber to be in the Logan Investment Company and Henry C. Mitchell. The evidence disclosed that the timber and the land from which it was taken was the property of the Logan Investment Company and the C. W. Mitchell heirs. Henry C. Mitchell was one of the heirs. The State offered evidence that the timber was taken from the land described in the information.

The point is without merit. The information was based upon Section 4076, Revised Statutes 1929. The gist of the offense was the unlawful severing from the soil and the stealing of timber from the lands of another. The information definitely charged that the timber was severed and taken from certain described land; that appellant had no right or interest in the timber. Evidence was adduced in support of these allegations and in support of appellant's participation in the theft. This was sufficient to sustain a conviction. [State v. Schatz, 71 Mo. 502.] The variance between the allegation of ownership in the information and the evidence was not prejudicial to appellant. According to the evidence the Logan Investment Company had an undivided one-half interest in the land, and the heirs of C. W. Mitchell held the other undivided one-half interest. Henry C. Mitchell, mentioned in the information, was one of the heirs. It is difficult to see how the slight variance could have been harmful to appellant. An immaterial variance is not ground for granting a new trial. [State v. Broyles, 317 Mo. 284, 295 S. W. l. c. 556(4) (5); State v. Sturrs, 51 S. W. (2d) 45.]

Complaint is made that the proof failed to establish the value of the timber stolen to be over $30. The State offered evidence of the

value of walnut timber and also evidence as to the size of the logs stolen. The jury could estimate from this evidence the value of the timber. The trial court offered to instruct on petit larceny, but an objection was made by appellant and the trial court did not so instruct. Appellant is, therefore, in no position to complain. [State v. Philpott, 242 Mo. 1. c. 512, 146 S. W. 1160.]

The instruction on circumstantial evidence is challenged. It is not pointed out wherein it is defective except that it is too limited. Appellant offered no instruction on this point. The instruction given is short and concise and so worded that a jury could not fail to understand its meaning. It covers every necessary element with reference to circumstantial evidence. This is sufficient. Other assignments made are either too indefinite to preserve any point for our consideration, or cover the same points that have been considered. The record proper is without error.

The judgment of the trial court is affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.