**STATE of Missouri, Plaintiff-Respondent,**

v.

**Joe Calvin KIMMINS, Defendant-Appellant.**

**No. 35192.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 24, 1974.

Herbert A. Kasten, Jr., James C. Jones, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Philip M. Koppe, Jefferson City, Brendan Ryan, Julian D. Cosentino, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of manslaughter and the subsequent judgment and sentence of 10 years confinement under the second offender act.

All of defendant's points on appeal deal with the closing argument of the prosecutor. No attack is made on the sufficiency

of the evidence. Briefly stated the evidence indicates that defendant and a police officer were the victims of a robbery, set-up but not perpetrated by the victim, John Sheppard. Both defendant and the police officer spent considerable time the same day and evening of the robbery looking for the robber and Sheppard. Defendant located Sheppard that night, advised the police officer of that fact, borrowed the policeman's gun, invited Sheppard out to a parking lot, discussed return of defendant's money and, upon Sheppard's statement that he could not return the money, defendant drew the gun from his waistband. A struggle ensued during which Sheppard, a drug addict, was shot twice in the head. Defendant contended the shooting was accidental.

■ The control of oral argument is largely within the discretion of the trial judge. An appellate court will not interfere unless the trial court abused its discretion to the prejudice of the defendant. State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582 (banc 1950) [8–11]. In order for such arguments to constitute reversible error they must be "plainly unwarranted and clearly injurious." State v. Hutchinson, 458 S.W.2d 553 (Mo.banc 1970) [4]. We do not find those under attack here to fall in that category.

■ The first argument attacked was what defendant labels a misinstruction by the prosecutor on the elements of manslaughter. We interpret the argument, taken as a whole, as a statement that the facts showed defendants conduct to be within the elements of manslaughter as contained in the court's instruction and not within the definition of accidental homicide given by the court. The prosecutor also argued about the difference between first degree murder (with which defendant was not charged) and second degree (with which he was) but clearly pointed out that first degree was not charged. The jury convicted of manslaughter. We can find no prejudice. State v. Nevils, 330 Mo. 831, 51 S.W.2d 47 (1932) [4].

■ The prosecutor made reference to the large number of police, prosecuting attorneys, drug rehabilitation personnel and others whose function it was to apprehend and assist drug addicts and criminals like the deceased. This argument was made in connection with the state's position that whatever the prior conduct of decedent, defendant was not entitled to take the law into his own hands. The existence of police, prosecuting attorneys and drug rehabilitation personnel is a matter of common knowledge and may properly be the subject of comment in closing argument. State v. Sturrs, 51 S.W.2d 45 (Mo.1932) [5–7].

■ The prosecutor also made the following staement:

"Now Mr. Kasten [defense counsel] said the police officer didn't do anything. Well, the police officer has his day coming too. Don't worry." Objection was sustained to this argument and the jury was instructed to disregard it. Mistrial was refused. We find no abuse of discretion. State v. Raspberry, 452 S.W.2d 169 (Mo. 1970) [7–11].

Judgment affirmed.

CLEMENS, McMILLIAN and GUNN, JJ., concur.