STATE of Missouri, Respondent,

v.

Robert SCHUMACHER, Appellant.

No. 38040.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 6, 1977.

Frank Anzalone, Asst. Public Defender, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Thomas E. Dittmeier, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant guilty of assault with intent to do great bodily harm with malice (§ 559.180, RSMo.1969) in shooting a police officer and the court sentenced him to 19 years' imprisonment.

Defendant does not question the sufficiency of the evidence but bases his appeal on the prosecutor's statements on voir dire and closing argument. We limit our review to rulings made at trial, preserved in defendant's motion for a new trial and carried forward in his appellate brief. Rules 79.03 and 84.13(a).

On voir dire the prosecutor acknowledged the presumption of defendant's innocence and the state's burden of proving guilt beyond a reasonable doubt, but added: "You all understood the distinction between any doubt and reasonable doubt, I'm sure." Defense counsel objected that a comment on the meaning of reasonable doubt was

improper. The objection was overruled. In defendant's motion for a new trial his only reference to the point was that the trial court erred in *refusing to declare a mistrial.* The trial court properly denied that point since it was first raised in defendant's after-trial motion. Rule 79.03, VAMR. Accordingly, the point is not before us on appeal. Rule 84.13(a), VAMR.

Defendant's second point challenges the overruling of his objection to the prosecutor's closing argument: "And think about every other police officer out there. They have to go up to cars every day, and they are stopping cars with the likes of Robert Schumacher in there."

██ A trial judge has wide discretion in controlling oral argument. *State v. Johnson*, 539 S.W.2d 493[40] (Mo.App.1976). His rulings are reversible error only when they are "plainly unwarranted and clearly injurious." *State v. Kimmins*, 514 S.W.2d 381[1, 2] (Mo.App.1974). Here, the essence of the prosecutor's remark was that the jury should consider police officers' dangerous encounters in law enforcement. A prosecutor may vigorously argue that juries have a responsibility for suppressing crime, *State v. Laster*, 365 Mo. 1076, 293 S.W.2d 300[7, 8] (1956) and the evil results to society from a jury's failure to do its duty. *State v. Groves*, 295 S.W.2d 169[8] (Mo. 1956). Viewing the prosecutor's argument in the light of these principles, we conclude the trial court did not err in overruling defendant's objection.

Judgment affirmed.

DOWD and SMITH, JJ., concur.