**STATE of Missouri, Plaintiff–Respondent,**

v.

**Ivan W. SKELTON, Defendant–Appellant.**

**No. 17725.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1992.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Marcie W. Bower, Columbia, for defendant-appellant.

MAUS, Judge.

A jury found defendant Ivan W. Skelton guilty of the class C felony of forgery. § 570.090.1(4). Defendant was sentenced as a prior and persistent offender to imprisonment for seven years. A brief synopsis of the facts relevant to this appeal follows.

At approximately 6:30 p.m. on a Saturday, defendant entered Check Cashers, a check-cashing business. He attempted to cash a $550.00 check purportedly drawn by G.E. Webb & Sons, payable to defendant. The cashier was suspicious of the defendant. She telephoned Mr. Webb to verify the check. Mr. Webb informed her he did not know defendant; he did not issue the check to defendant; and he did not authorize anyone to issue the check to defendant. The cashier then called the police. Defendant states two points on appeal.

Defendant's first point on appeal is:

"The trial court plainly erred and abused its discretion in overruling appellant's objection and in failing to declare a mistrial, sua sponte, because the prosecutor's conduct deprived appellant of his rights to due process and to a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 10 and 18(a) of the Missouri Constitution in that the prosecutor injected his personal opinion, argued matters to the jury which were not in evidence, and argued matters to the jury which were calculated to improperly shift the burden of proof to appellant, all of which constituted prosecutorial misconduct and prejudiced appellant."

Defendant, in this point, fails to state specifically what the prosecutor argued which constitutes prosecutorial misconduct.

"This point does not comply with Rule 30.06(d) which requires that the 'points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, ...' Thus, this point could be denied on that basis alone. *Thummel v. King,* 570 S.W.2d 679, 685–687 (Mo. banc 1978); *Kolocotronis v. Ritterbusch,* 667 S.W.2d 430, 434 (Mo.App.W.D.1984)." *State v. Maxson,* 755 S.W.2d 277, 281 (Mo.App. 1988). (Omission in original.)

Cf. *State v. Hughes,* 748 S.W.2d 733 (Mo. App.1988).

Moreover, a gratuitous review reveals the argument under this point is meritless.

■ Defendant's first argument is the prosecutor, during his closing argument, "injected his personal opinions and his experience" when he said, "[T]his is about the clearest case of forgery that you will ever see in this county." The prosecutor made that statement after reviewing the overwhelming evidence of defendant's guilt. "The prosecutor may argue inferences reasonably drawn from the evidence." *State v. Clemmons,* 753 S.W.2d 901, 909 (Mo. banc 1988). The prosecutor's statement was a legitimate inference to be drawn from the evidence and constituted no error. Cf. *State v. Jones,* 491 S.W.2d 271 (Mo. 1973).

■ Defendant next argues that "the prosecutor improperly argued matters not in evidence" by stating the following in closing argument:

"I'll tell you why guys like this go in there that time of day.

\*　　\*　　\*　　\*　　\*　　\*

... Are the banks open on Saturday night? Can you call and confirm an account? Absolutely not. This is a business account right here. Are most businesses open on a Saturday night? Do you think he thought he had a chance of getting detected? No, absolutely not."

However, it has been stated:

"The prosecutor was merely calling attention to what he regarded as a matter of common knowledge; ... There was no impropriety in that argument. The prosecutor may draw his conclusions from the facts in evidence and from matters of common knowledge." *State v. Sturrs*, 51 S.W.2d 45, 46 (Mo.1932).

See also *State v. Kimmins*, 514 S.W.2d 381 (Mo.App.1974). The prosecutor was arguing inferences from matters of common knowledge. Defendant's second argument is meritless.

 Defendant's final contention under his first point is that the prosecutor in the state's closing argument shifted the burden of proof to defendant by the following:

"We don't know about any other information that he put down. We don't know if any of that was accurate. There was no evidence, absolutely no evidence at all as to whether any of that other information was accurate. There is no evidence to confirm that that's even his right Social Security number. There's an address on the back. We don't know if that's a good address or not. There's no evidence to that fact."

Defense counsel had argued that because defendant gave his correct name and his social security number there was no attempt to defraud on the defendant's part. Therefore, he concluded the defendant was not guilty of the charge. The prosecutor's remarks, quoted above, were made in retaliation of defense counsel's remarks. "The prosecutor can retaliate to an argument issue by the defense even if the prosecutor's comment would be improper." *State v. Walls*, 744 S.W.2d 791, 798 (Mo. banc 1988). Defendant's final argument under his first point is denied.

1. Instruction Number 4 is MAI–CR 3d 302.04.

Defendant's second point is that the trial court erred "when it submitted Instruction Number 4,[1] defining reasonable doubt as 'proof that leaves you firmly convinced of the defendant's guilt.'" Defendant's contention was raised and denied by the Missouri Supreme Court in *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987). In that case, the court held:

"The 'firmly convinced' language contained in the MAI definition is not new.... It is intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt.' The instruction achieves that purpose; in our view, 'firmly convinced' is essentially synonymous with 'beyond a reasonable doubt.'" *Id.* at 62–63.

That holding has been recently restated in *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991). Defendant's second point is denied. The judgment of the trial court is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.