STATE of Missouri, Respondent,

v.

Finis COLE, Jr., Appellant.

No. 35173.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 16, 1974.

Clifford T. Proud, Proud & Nangle, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, William F. Arnet, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard G. Altobelli, Asst. Circuit Atty., St. Louis, for respondent.

KELLY, Judge.

Appellant was charged by Information in lieu of Indictment in two counts. In Count I with the offense of Assault with Intent to Kill with Malice Aforethought, Sec. 559.180, RSMo 1969, V.A.M.S., and Count II with the offense of Exhibiting a Dangerous and Deadly Weapon in a Rude, Angry and Threatening Manner, Sec. 564.-610, RSMo 1969, V.A.M.S. After a jury trial he was found guilty of Assault with Intent to Do Great Bodily Harm without Malice Aforethought under Count I and guilty as charged under Count II. After his motion for new trial, filed as to the verdict with respect to Count II only, was overruled, appellant filed a timely notice of appeal and on appeal presents two points as grounds for reversal of his conviction on Count II.

Point one is that the evidence entitled him to a self-defense instruction and the failure of the trial court to submit self-defense to the jury on Count II constituted prejudicial error. Point two is that the State's verdict directing instruction—Instruction No. 6—with respect to the offense charged in Count II ignored his self-defense theory and was therefore prejudicially erroneous.

The evidence in the record reveals that these charges emanated from an incident

which occurred at approximately 5:45 p. m. on May 15, 1972, in the vicinity of 4522 Westminister Avenue in the City of St. Louis, Missouri, when two officers of the Metropolitan St. Louis Police Department, Officers Daniel Anthonis and Milford Trankler, apprehended a juvenile on suspicion of operating a stolen motor vehicle. Appellant, the juvenile's uncle, and Officer Anthonis engaged in a scuffle which culminated in appellant astride the police officer with the officer's gun in hand and threatening to shoot Officer Anthonis if Officer Trankler shot him. The trial judge concluded, as do we, that appellant was entitled to a self-defense submission with respect to the charge in Count I, to-wit: Assault with Intent to Kill with Malice Aforethought. We deem it unnecessary to discuss at length the evidence which supports this submission of self-defense. Suffice it to say that there was evidence from which the jury could have found that Officer Anthonis was the aggressor, that he pushed appellant three times and caused both of them to fall to the street. The jury could further have found that appellant seized Officer Anthonis' pistol when it fell to the surface of the street during the scuffling, that he seized it only to protect himself from harm, and he pointed it at Officer Anthonis in an effort to restrain Officer Trankler from shooting him.

■■ If there is substantial evidence in a case involving a charge of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner that the defendant acted in self-defense, it is incumbent on the trial court to submit an instruction on that defense to the jury for their consideration in arriving at a verdict. State v. Arnett, 258 Mo. 253, 167 S.W. 526 (1914). Under the evidence peculiar to this case we hold that the appellant was entitled to an instruction submitting this defense.

Respondent argues that there is no evidence to support such an instruction. It is difficult for us to conceive how, in a case of this kind, where the assault and the flourishing of the weapon are part and parcel of the same offense, flowing one into the other, if appellant was entitled to a self-defense instruction with respect to the assault charge, he was not entitled to a similar instruction with respect to the flourishing charge. Respondent's argument is that appellant at the time he seized the gun was astride the police officer, that the gun was two feet from the combatants, and therefore he had no reasonable cause to believe that his life was endangered. We believe that a jury could reasonably conclude that unless appellant took control of the weapon which the police officer had commenced withdrawing from his holster he might reasonably fear for his life.

The trial court did submit a self-defense instruction among those instructions directed to Count I of the information in lieu of indictment; each, except the self-defense submission, specifically referred to Count I. The self-defense instruction, while not specifying its applicability to Count I with the same specificity as to the others, made no reference to Count II whatsoever. The only instruction referring specifically to Count II was the state's verdict-director on that Count, Instruction No. 6. The information in lieu of indictment filed in this case and on which the cause proceeded to trial alleged as to Count I that appellant assaulted Officer Anthonis "with his hands and feet, and a pistol, a means likely to produce death or great bodily harm." The cause was, however, submitted to the jury as an assault by means of appellant's "hands and feet." Instruction No. 5 commenced: "One of the issues in this case is *whether the assault* on Daniel J. Anthonis was justifiable." This obviously directed the jury that this instruction could be considered with reference to the charge in Count I of the petition and was not to be read in conjunction with the submission of Count II. That it was not meant to apply to Count II is also evident from the argument presented by the State in this court to the effect that appellant was not entitled to a self-defense instruction on Count II.

A verdict-directing instruction which purports to cover the whole case, but which ignores the defense of self-defense, is erroneous if substantial evidence has been presented to support that theory and if the instruction as submitted requires no finding of fact which would negative self-defense. State v. Winn, 324 S.W.2d 637, 642[2, 3] (Mo.1959). An error of this nature cannot be cured by the giving of a separate self-defense instruction. State v. Clary, 350 S.W.2d 809, 813[5] (Mo.1961). Instruction No. 6, the verdict-directing instruction on Count II ignores appellant's self-defense theory, and is, therefore, prejudicially erroneous.

For the error in failing to submit a self-defense instruction in Count II we reverse and remand for a new trial on that Count. The error in the verdict directing instruction's failure to negate appellant's self-defense theory on Count II will be avoided on retrial by following, with appropriate modification, MAI–CR 2.40, and MAI–CR 13.12 with an appropriate cross-reference to MAI–CR 2.40 therein.

SIMEONE and WEIER, JJ., concur.