STATE of Missouri, Respondent,

v.

Steven Ronald RUFFIN, Appellant.

No. 36507.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 16, 1976.

**136**

Robert A. Hampe, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant was found guilty by a jury of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner in violation of § 564.610 RSMo 1969, and was sentenced pursuant to the Second Offender Act, § 556.280 RSMo 1969, to the custody of the Department of Corrections for a term of three years.

William Cooper testified that about 1:40 o'clock of the afternoon of August 20, 1973, he saw appellant at a methadone center in the 3900 block of Olive Street in St. Louis. There was no conversation between the two, but when appellant saw Cooper "he turned around and ran back into the center and ran * * * [into] somebody's office." About 20 minutes later at the corner of Sarah and Olive Streets William Cooper saw appellant in the passenger side of a parked automobile. Appellant got out of the automobile, leaned across its roof, and pointed a pistol at William Cooper and his brother Leo. William ran into a liquor store and Leo ducked behind a large post that was at the door of the liquor store. Leo Cooper testified that appellant ran after him and chased him around the post. He could hear the gun "clicking" and he heard appellant say something but did not recall what he said. Appellant then returned to the automobile and it drove away.

As a result of the above incident a burglar alarm was sounded at the liquor store. Officer Nichols, who responded to the call, saw appellant throw a nickel-plated revolver out of the window of the automobile. The officer recovered the revolver and it contained four .32 calibre bullets.

Defendant's evidence consisted of the testimony of Ronald Norton. He testified that on August 20, 1973, he was at a methadone center on Olive Street when appellant ar-

rived and entered the building. About ten or fifteen minutes later when appellant started to leave, Norton saw William and Leo Cooper "grab him by the arms." Appellant struggled free and ran back into the building, and William and Leo Cooper pursued him. He heard William Cooper say, "Boy, you have an * * * whipping coming." Later appellant left with Norton and another person, apparently Thedell Doss. The three drove to the corner of Olive and Sarah Streets and stopped. They then left the automobile and as they were approaching a liquor store "the two Cooper brothers walked up." Leo Cooper approached appellant "with his hands up * * * under his shirt like this." He then said: "Where you going to run now." Thedell Doss handed appellant a pistol and he "flashed it like this" and "they backed up and went around the corner" and left. Norton, appellant and Doss then drove away, and Norton left the automobile before it was stopped by the police.

On cross-examination Norton was asked: "And they [the Cooper brothers] weren't doing anything at that time [when appellant flashed the gun], right?" Norton answered "Right." Later, during cross-examination, the following occurred:

Q. And the Coopers weren't doing anything to the defendant at the time that Doss passed the gun to the defendant?
A. Yes, they were.
Q. Well, you just said they weren't.
A. I mean they approached him, you know.
Q. And then he flashed the gun?
A. Right.

Appellant's first point is that the trial court erred in refusing his requested instruction submitting the issue of self-defense.

The State "questions" that self-defense is available to one charged with flourishing a deadly weapon in a rude, angry and threatening manner, and cites and relies on *State v. Gentry,* 242 S.W. 398 (Mo.1922). While that case involved a charge of exhibiting a deadly weapon in a rude, angry and threatening manner, the right of self-defense was

not an issue. The facts did not present a self-defense situation, the accused did not present or claim that defense, and it was not presented to the jury.

We consider the correct rule to be as set forth in *State v. Cole,* 508 S.W.2d 705 (Mo.App.1974), as follows: "If there is substantial evidence in a case involving a charge of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner that the defendant acted in self-defense, it is incumbent on the trial court to submit an instruction on that defense to the jury for their consideration in arriving at a verdict." See also, *State v. Arnett,* 258 Mo. 253, 167 S.W. 526 (1914). The essential issue here is whether there was substantial evidence to require the submission of the issue of justification by reason of self-defense.

In an appropriate case self-defense may be a justification for doing what otherwise would amount to a crime. *State v. Cole,* supra. As a general rule, only a present danger can be a legitimate justification for resort to self-defense, and in prosecutions for assault with intent to murder, or to kill, or to do serious bodily harm it is usually required for self-defense to serve as a justification, that the accused was faced with actual, or at least reasonably apparent, danger of losing his life or suffering serious bodily injury. But, such degree of danger is generally held not to be required in a prosecution for simple assault and battery or for a minor degree of aggravated assault. 6 Am.Jur.2d Assault and Battery § 70. The charge here, exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner, may be equated to a form of an assault. As held in *State v. Daugherty,* 196 S.W.2d 627 (Mo. 1946), when a person has reasonable cause to apprehend on the part of another a design to inflict a great personal injury, and there was reasonable cause for him to apprehend immediate danger of such design being accomplished he is justified, and has the right, " 'to avert such apprehended design,' " and in proper circumstances the

"right of attack may [be] essential to the right of self-defense."

 In determining whether there was substantial evidence to require the submission of justification by reason of self-defense, we consider the evidence in the light most favorable to that defense. In so doing a jury reasonably could find that the Cooper brothers first assaulted appellant at the methadone center by grabbing him by the arms, but he was able to struggle loose and escape by running back into the building. However, he was then told he had a "whipping coming." The next time appellant saw the Cooper brothers, which was only 20 minutes later, the two of them advanced on him, one with his hands "up under his shirt" and who said, "Where you going to run now?" No reasonable person would doubt that the Cooper brothers were advancing on appellant with the intention of inflicting the "whipping" they had told him only twenty minutes earlier that he "had coming," and that they believed they had him in a position from which he could not escape by running as he previously had done. Under these circumstances appellant could reasonably apprehend that he was in danger of suffering serious bodily injury at the hands of the Cooper brothers unless he took some affirmative action in self-defense. It was only then, according to appellant's evidence, that his companion handed him the gun which he "flashed" but did not fire, and thereby averted the Cooper brothers from their design.

Under the circumstances it was a jury question whether the exhibiting of the gun was justified by reason of self-defense, and prejudicial error resulted from the failure to instruct the jury on that issue.

The judgment is reversed and the cause remanded.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.