**STATE of Missouri, Respondent,**

v.

**Frank E. COMLEY, Appellant.**

**No. KCD 29296.**

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Motion for Rehearing and/or Transfer
Denied April 3, 1978.

Application to Transfer Denied
May 9, 1978.

center of the highway to prevent the officer from passing. After the yellow truck went out of sight, the red truck pulled over to the side.

Robert E. Hart, Robert G. Duncan, Duncan & Russell, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Frank Comley was found guilty by a jury of stealing under § 560.156, RSMo 1969, and sentenced to confinement for three years and one day.

On this appeal Comley challenges the sufficiency of the evidence and complains of juror misconduct. Affirmed.

In his brief Comley agrees the jury could have found the following: About 3:30 a. m. in December, 1975, Officer Goforth of the Smithville Missouri Police Department made a routine check of the Littleton Ford Company premises in Smithville. He noted a red pickup truck parked in a row of pickups in particular because, unlike the others, it did not have any frost on the windshield. He wrote down the license number on this truck. He also noted a yellow pickup with a white camper shell parked on the lot.

Officer Goforth left the car lot, but a short time later, he saw the red pickup and the yellow pickup leave the car lot. Becoming suspicious, Officer Goforth began chasing the two trucks but they outdistanced him. Officer Goforth drove a few miles, then doubled back. As he was returning toward Smithville, he met the two pickup trucks approaching him. He made a U-turn and began to chase the trucks. The red truck was between the officer and the yellow truck. As Officer Goforth began his chase the trucks at first accelerated to speeds of 80 to 90 miles per hour. Then the red truck slowed to about 25 miles per hour, turned his headlights off and drove in the

Officer Goforth requested the driver of the red pickup to get out and learned he was Frank Comley. At that time Comley denied any wrongdoing and stated he had simply pulled in the car lot to rest from his trip home from Iowa.

Officer Goforth had alerted Kansas City, Missouri Police and they later spotted the yellow pickup truck. The officers gave chase and the truck was driven off the highway into a field near a wooded area. The driver ran from the truck and escaped. On inspecting the truck, the officers noted the identification number and also recovered a walkie-talkie from the cab. Later, when the Kansas City officers entered the police station where Comley was being held, Comley saw the walkie-talkie and stated, "You broke into my truck and took that."

Evidence was introduced to show the yellow pickup driven into the field by the escaped driver was the same pickup driven from the Ford Agency. Officer Goforth further testified the license number of the red pickup he had earlier observed parked on the Ford lot was the same license number of the red pickup he later stopped which Comley was driving.

With this recital of the evidence, it is appropriate to consider Comley's challenge to the sufficiency thereof to sustain his conviction. Comley contends the court erred in failing to grant his motion for directed verdict at the close of State's evidence because the evidence was circumstantial and all the circumstances were not consistent with the hypothesis of guilt and inconsistent with his innocence.

The main fact urged by Comley to show a gap in the evidence sufficient to support his conviction is the failure of the State to prove a felonious taking without the consent of the owner of the yellow pickup truck. The owner of the Ford Agency testified the yellow pickup recovered after the chase and abandoned by the escaped driver

was the same one belonging to him. He stated it had been on his lot. The State did not elicit the fact that he had not given anyone consent to remove the truck from his premises.

On this appeal this court views the evidence in the light most favorable to the State accepting as true all evidence (whether circumstantial or direct) and the inferences to be reasonably drawn therefrom favorable to the verdict. All evidence and inferences unfavorable to the verdict are disregarded. *State v. Mussman,* 526 S.W.2d 62[1] (Mo.App.1975). The failure to elicit testimony from the owner that he had not given consent for his truck to be moved from his lot is not fatal. The lack of consent may be established by circumstantial evidence giving rise to a reasonable inference the taking was done without consent. *State v. Webb,* 423 S.W.2d 795, 798[3–5] (Mo.1968).

Here the participation of Comley in the taking is shown by direct evidence. His actions were observed by Officer Goforth and his attempts to prevent the officer from overtaking the yellow truck constitute direct evidence that Comley aided and encouraged someone else to steal the pickup truck. *State v. Regazzi,* 379 S.W.2d 575, 578[1, 2] (Mo.1964). The only element established by circumstantial evidence was the lack of consent on the part of the owner. The evidence concerning the time, the evasive action taken by both trucks during the chase, the abandonment of the truck in a field and the escape of the driver and the presence of Comley's walkie-talkie in the yellow truck, constitute sufficient evidence from which the jury could reasonably infer that the taking of the truck was without the consent of the owner. All of this evidence made a submissible case for the jury to find that Comley aided and encouraged another to steal a pickup truck.

Comley's next point revolves around a luncheon meeting between the court bailiff and one of the young lady jurors after the evidence had been completed but prior to the submission of the case to the jury.

This matter was first brought to the attention of the court by a post-trial motion for mistrial. The court held a full hearing on the matter at which both the bailiff and the juror testified. The juror denied there was any discussion concerning the case on trial. She stated she asked the bailiff how long jury deliberations usually lasted because she had recently started a new job and was curious as to when she might be able to return to work. She and the bailiff agreed that in response to this the question the bailiff stated to be safe, he had better not answer the question. The only other conversation which dealt with court functions was the bailiff's observation that lawyers would sometimes inquire of him as to how they were doing in their trial work. Both denied any discussion about the case on trial and the juror acknowledged she knew she was not supposed to talk about the case on trial.

Comley relies on §§ 546.230 and 546.240, RSMo 1969. He states these sections clearly forbid communication between an officer of the court and a juror. Comley does not urge there was any communication between the bailiff and the juror other than as testified by them.

This situation is controlled by the rule set out in *State v. Edmondson,* 461 S.W.2d 713, 723 (Mo.1971). In that case the court stated "if the separation or misconduct of the jury took place during the progress of the trial, the verdict will be set aside, unless the state affirmatively shows that the jurors were not subject to improper influences."

Here, a hearing was held as it was in *Edmondson* and the court determined the juror did nothing improper and nothing occurred to affect her in any way in her deliberation in this case. The court also found there was no effect on the deliberation or opinion and finding of any other juror. The court did observe the bailiff made an error in judgment in asking the juror to lunch at the time he did.

The question is whether or not Comley was prejudiced or whether the juror was subjected to any improper influences. The trial court has the discretion to determine

whether the circumstances require a mistrial. *Edmondson, supra,* at 724[6].

The facts elicited at the hearing on the motion for a mistrial demonstrate the absence of improper influence on the juror and support the judge's discretionary finding against the granting of a mistrial. No abuse of discretion is shown. *Edmondson, supra.* See also *State v. Davis,* 462 S.W.2d 798, 803[8] (Mo.1971).

The judgment is affirmed.

All concur.