STATE of Missouri, Respondent,

v.

Ambrose Louis MARES, Jr., Appellant.

No. KCD 29661.

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Clifford A. Falzone, Falzone & Schirmer, Moberly, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Ambrose Mares, Jr., was convicted of felonious assault without malice, § 559.190,

RSMo 1969, by the court sitting without a jury. Punishment was assessed at imprisonment for two years.

On this appeal Mares contends the evidence was insufficient to support the conviction and especially to show intent. Mares also contends the evidence showed he was engaged in reasonable self-defense and thus excused from the assault. Affirmed.

On the night of July 1, 1976, Mr. and Mrs. Charles Rodenberg took their two small children to a beer garden in Norborne to begin the observance of the Bicentennial. Late in the evening Mrs. Rodenberg was sitting at a table holding her small daughter in her lap when she observed two men scuffling and approaching her chair. She called for her husband to stop the two men before they fell on her and her daughter. About this time one Smithpeter backed Mares into the table where Mrs. Rodenberg was sitting and pushed him so that Mares partially was leaning over the table backward. Rodenberg pulled the two men off the table and told them to do their fighting elsewhere. At this time the three men were in a general line, probably typical of many marching units, extending from Mrs. Rodenberg. Nearest to her was Smithpeter and Mares, then Rodenberg. Mrs. Rodenberg stated she could see Mares because of the irregular line. After the men had assumed the general position just described, Mares turned toward Smithpeter as if to resume the battle. Rodenberg pushed Mares on the shoulder and inquired if he had not heard Rodenberg's instructions. Immediately following this question from Rodenberg, Mrs. Rodenberg stated she saw Mares' arm and hand flash several times. She then saw Mares throw a knife. She immediately noticed blood on Mr. Rodenberg's shirt. Rodenberg was found to have a superficial cut about three inches in length across the stomach, a cut about one-half inch in length on the right shoulder, and a stab wound in the left upper back. The knife Mares was seen to throw had a blade about three inches in length.

A friend of the Rodenbergs retrieved the knife and a deputy sheriff who was in the crowd took the knife and placed Mares under arrest.

The court could have reasonably found the above facts from the testimony of Mr. and Mrs. Rodenberg. By Rule 26.-01(b) the findings of the court in a jury waived criminal case have the effect of a jury verdict and must be reviewed in the same manner. *State v. Scott*, 525 S.W.2d 410, 412 (Mo.App. 1975). Of course, this court in considering the sufficiency of the evidence must view all the evidence in the light most favorable to the State and consider such evidence as true and disregard all contrary evidence. *State v. Scott, supra.* Based on the foregoing rules it is readily apparent the facts stated above are sufficient to support a finding of guilty beyond reasonable doubt of felonious assault without malice.

Mares insists, however, the evidence is insufficient to prove that he intended to assault Rodenberg. It was stated in *State v. Woody*, 406 S.W.2d 659, 662[5–7] (Mo. 1966) that in determining intent it is proper to "consider the nature of the weapon used, the manner of its use, and all the related circumstances giving rise to the incident out of which the charge arose." Again, it is apparent the evidence was sufficient to prove that Mares intended to commit the assault upon Rodenberg from the facts heretofore stated.

Mares next contends he should have been acquitted because the evidence showed he was engaged in a lawful defense of his person and acted only with reasonable force at the time the assault occurred. This contention seemingly goes directly contrary to the first point since any assault committed in self-defense would of necessity be an intentional assault. Nevertheless, the rule is stated in *State v. Ruffin*, 535 S.W.2d 135, 137[2–5] (Mo.App. 1976):

As a general rule, only a present danger can be a legitimate justification for resort to self-defense, and in prosecutions for assault with intent to murder, or to kill, or to do serious bodily harm it is usually required for self-defense to serve

as a justification, that the accused was faced with actual, or at least reasonably apparent, danger of losing his life or suffering serious bodily injury.

This point may also be resolved by reference to the facts heretofore stated. There is no evidence that Rodenberg had any weapon nor had done anything to cause Mares to feel that he was faced with any danger of losing his life or suffering serious bodily injury at the hands of Rodenberg.

Mares argues that the altercation with Smithpeter supplied the appearance of danger which gave him the right to assault Rodenberg. However, the State's evidence indicated the fight between Smithpeter and Mares had subsided with Smithpeter standing on one side of Mares and Rodenberg on the other. There was nothing in the State's evidence to indicate Rodenberg posed any threat to Mares which would give Mares any justification for an assault upon him. There was nothing in the manner in which Rodenberg pushed Mares on the shoulder to indicate any assault but it was clearly an attempt only to gain Mares' attention for the purpose of suggesting that he fight elsewhere.

The judgment is affirmed.

All concur.