STATE of Missouri, Respondent,

v.

Erwin J. ROESEL, Appellant.

No. 40144.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

Roesel & Scher, Isadore Scher, Clayton, for appellant.

Roy L. Richter, Montgomery City, for respondent.

GUNN, Judge.

In this jury waived case defendant was convicted of careless and imprudent driving by failing to yield the right-of-way and assessed a fine of $100. His plaint on appeal is that the evidence does not support the judgment; that the trial court erroneously limited defendant's cross-examination of certain witnesses. We affirm.

▮ In our review of this court tried case we are guided by some rather fundamental legal rubric: we do not determine the credibility of the witnesses nor weigh the evidence. *State v. Swearingin*, 564 S.W.2d 351 (Mo.App.1978). Further, we review the evidence in the light most favorable to the State and disregard all contrary evidence. *State v. Mares*, 570 S.W.2d 332 (Mo.App.1978); *State v. Comley*, 564 S.W.2d 330 (Mo.App.1978). Applying the foregoing precepts, we find that defendant was on an access ramp preparatory to entering Missouri State Highway 19—a through highway. He stopped at a stop sign and then turned right in a southbound direction on Highway 19 in front of an automobile driven by Dennis Haight, who was proceeding south on Highway 19 within the speed limit. As soon as he saw defendant move onto Highway 19, Mr. Haight applied his brakes and swerved to avoid striking defendant's auto. However, Mr. Haight's front bumper struck defendant's rear bumper. No one was injured, but the State Highway Patrol was summoned. Mrs. Haight who was a passenger in the Haight automobile testified generally the same as her husband—that defendant had pulled out onto the highway in front of them, and Mr. Haight's immediate efforts to avoid the accident were unavailing. The State trooper who had been called testified as to the road conditions at the scene of the accident; that he observed and measured skid marks which he had been told were made by Mr. Haight's auto and noted the damage to the two cars' bumpers. Defendant's testimony was that he had looked after stopping. He had seen no cars coming and had driven about a car's length southbound on Highway 19 when struck from the rear.

▮ The trial court found defendant guilty of operating a motor vehicle in a careless and imprudent manner by failing to yield the right-of-way, a § 304.351.4(1)(a) RSMo 1969 violation. Defendant argues that there was insufficient evidence to sustain the conviction; we disagree. Mr. Haight testified that as soon as he observed defendant start from the stopped position, he braked his car and swerved but was still unable to avoid the collision. He was entitled to assume that once having stopped, defendant would yield the right-of-way to his vehicle, "approaching so close on the through highway 'as to constitute an immediate hazard . . .' § 304.351, subd. 4(1)(a) RSMo 1969." *Powell v. Watson*, 526 S.W.2d 318, 324 (Mo.App.1975). There was evidence for the trial court to have found that defendant did in fact fail to yield the right-of-way, and Mr. Haight did all he could to avoid the accident.

▮ Defendant refers to Mr. Haight's estimates as to the distance at which he first observed defendant's auto and the time it took him to reach his vehicle and argues that with such estimates, the accident could not have taken place. However, the estimates were only approximations and not binding on either the court or the State. They have only such probative value as the court chooses to give them. *Gottlieb v. Szajnfeld*, 550 S.W.2d 936 (Mo.App.1977); *Skelton v. General Candy Co.*, 539 S.W.2d 605 (Mo.App.1976); *Johnson v. Bush*, 418 S.W.2d 601 (Mo.App.1967); *Lafferty v. Wattle*, 349 S.W.2d 519 (Mo.App.1961).

▮ Defendant charges the trial court with error in sustaining objections to two questions asked during cross-examination. Mr. Haight, after he related that he had applied his brakes and swerved to avoid the accident was asked by defendant's counsel: "Did you take any other evasive action or

do anything else?" An objection based on relevancy was sustained. Defendant pursued no further but was allowed without objection to ask the same question of Mrs. Haight. Also, in attempting to establish the bias of the State trooper, defendant asked the trooper if he banked at the same bank with Mr. Haight. Objection was sustained, and no further pursuit of this issue was made although defendant's counsel had already established that the trooper had known Mr. Haight "a long time." While bias or prejudice of a witness is a legitimate concern, the trial court is vested with broad discretion in regulating cross-examination. Absent a showing of an abuse of discretion, we will not interfere with the trial court's ruling. *State v. Howard*, 564 S.W.2d 71 (Mo.App.1978). We perceive no abuse of discretion in the trial court's rulings here, nor do we see any prejudice by reason of the rulings.

■ Additionally, we observe that defendant's counsel failed at trial to make any effort or offer before the trial court to establish the relevancy or materiality of his questioning or what the witness would state but chose, instead, to remain silent after the objections and rulings had been made. He is too late now in his complaint. *Thayer v. Sommer*, 356 S.W.2d 72 (Mo.1962); *United States Fire Insurance Co. v. Madesco Investment Corp.*, 573 S.W.2d 442 (Mo.App. 1978).

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.