STATE of Missouri,
Plaintiff-Respondent,

v.

Earl SADLER, Defendant-Appellant.

No. 42153.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 3, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 13, 1981.

---

Richard M. Jacobs, St. Louis, for defendant-appellant.

P. Dennis Barks, Asst. Pros. Atty., Hermann, for plaintiff-respondent.

WEIER, Judge.

Defendant was charged and convicted of common assault. The penalty imposed was a fine of $100. From the conviction, defendant has appealed raising five contentions of trial court error.

■ Defendant first contends that the trial court erred when it denied the defendant's motions for judgment of acquittal and for new trial because the State failed to prove the defendant guilty beyond a reasonable doubt. This point is apparently based upon the reasoning that the only State's witness to the altercation was the complaining witness, a Mr. Malvern Huebner; whereas the defendant, Earl Sadler, and his wife both testified to a different state of facts which led up to and included the assault. A conviction of a crime may be sustained on the uncorroborated evidence of the prosecuting witness alone where the evidence of that witness was not contradictory in nature or unbelievable. A reviewing court does not undertake to determine the credibility of witnesses or weigh evidence in criminal cases. State v. Graham, 527 S.W.2d 936, 947 [14, 16] (Mo.App.1975). It is also true that where it is contended the evidence does not support the judgment of conviction, an appellate court considers as true all the evidence which tends to support the judgment and all inferences favorable to that judgment. State v. Simmons, 494 S.W.2d 302, 303 [1] (Mo.1973). We briefly consider the favorable evidence.

■ On the day that the assault occurred Malvern Huebner and his family were out doing some work on cleaning up some fallen timber. Huebner noticed Mr. and Mrs. Sadler down the road near their home and walked down to talk to them concerning a problem that an acquaintance had had with regard to traveling across land Huebner believed he owned. The acquaintance was confronted by Sadler who had threatened him with some sort of legal proceeding. Huebner, unarmed, walked toward the Sadlers and when he indicated a desire to talk to Mr. Sadler, he was intercepted by Mrs. Sadler who stepped in front of him. He stated that he did not touch or bump into Mrs. Sadler but that suddenly without provocation he was struck on his head from the side and went partly down on the ground. Sadler then got on top of him and repeatedly hit him around the face and head. Mrs. Sadler in the meantime held one of his arms down while Huebner used the other to try to fend off the blows. Such evidence supports a judgment of conviction. The weighing of evidence is a matter for the trier of fact who hears the witnesses and is in a position to judge their credibility. State v. Bohlen, 545 S.W.2d 673 [3, 4] (Mo.App.1976).

■ The defendant next contends that the court prevented cross-examination of the State's chief witness concerning that witness's interest in a $150,000 civil suit which the witness allegedly filed against the defendant arising out of the same altercation. During the cross-examination of Huebner, defendant's counsel asked Huebner if he knew a man with a beard in the rear of the courtroom. Huebner responded that he did. He was then asked how he knew him and Huebner stated that he was an attorney. The question was then asked as to whether he represented Huebner. An objection to relevancy was sustained. The question was then asked as to whether the attorney was representing Huebner in a $150,000 lawsuit. Another objection was sustained. Huebner was then asked as to whether he had some other reasons for wanting Mr. Sadler convicted. Another objection was sustained. No offer of proof was made to establish the relevance of the cross-examination. No effort had been made to lay a foundation that Huebner had filed a civil action against Sadler. The mere fact that the complaining witness had filed a $150,000 lawsuit had no relevancy to the case being tried unless it was shown that the lawsuit was filed against Sadler thus giving rise to a possible inference of bias other than being the victim of an assault. As was stated in State v. Roesel, 574 S.W.2d 944, 946 (Mo.App.1978): "... de-

fendant's counsel failed at trial to make any effort or offer before the trial court to establish the relevancy or materiality of his questioning or what the witness would state but chose, instead, to remain silent after the objections and rulings had been made." Failure to advance the factual and legal theories as to the relevancy of a matter on cross-examination prevents a later charge of trial court error in sustaining objection to further cross-examination. Bias or prejudice of a witness is a legitimate concern in the trial of a case, but the trial court is vested with broad discretion in regulating cross-examination and the exercise of this discretion will not be interfered with absent a showing of an abuse of that discretion on that part of the trial court. *State v. Roesel, supra* at 945 [6–8]. We see no abuse of discretion in the court's rulings based upon the questions that were asked and the answers elicited.

■ Defendant next complains that the trial court committed error when it denied his motion for new trial on the grounds of newly-discovered evidence. The alleged newly-discovered evidence as set up in this motion and accompanying affidavits was represented to be that at the first trial of the same case some two years before, the complaining witness, Mr. Huebner, had testified that he did not see Mrs. Sadler and accidentally bumped into her; whereas at the trial which resulted in the conviction, the same witness testified that he did not touch or bump into Mrs. Sadler prior to being struck by the defendant. The sources of proof of this newly-discovered evidence were in the affidavits and testimony of the defendant's son-in-law and daughter both of whom were alleged to have been present. They both testified at the second trial. These facts were also presented by the affidavit of defendant himself. Newly-discovered evidence to secure a new trial must measure up to the requirements set forth in *State v. Harper*, 473 S.W.2d 419, 421 [1] (Mo. banc 1971) which requires that (1) the evidence must have come to the knowledge of the defendant after the trial, (2) that it was not due to his want of due diligence that he did not discover it sooner, (3) that

the evidence is so material that it would probably produce a different result on a new trial, and (4) that it is not cumulative only or merely impeaching the credibility of a witness. Here all three witnesses who heard the complaining witness testify at the second trial were present at the first trial and such evidence could not be classified as newly discovered. The alleged new evidence does not measure up to any of the other requirements.

■ The next point relied on by defendant attempts to use the same alleged discrepancy in the evidence to the effect that the prosecuting witness had testified at an earlier hearing that he bumped into the defendant's wife as information which should have been disclosed in discovery proceedings. Defendant charges this to be a failure on the part of the State to comply with defendant's pre-trial discovery request for a disclosure which sought portions of any existing transcripts relating to the proceedings which contain testimony of persons who the State intended to call as witnesses and in addition any information which tended to negate the guilt of the defendant as to the offense charged. We note that such alleged error was not brought to the attention of the trial court in the motion for new trial. This point is not preserved for appellate review. *State v. Peterson*, 518 S.W.2d 1, 3 [2] (Mo.1974). We might note that the record indicates that the State had replied to the request for disclosures that no transcript existed of any prior proceeding in the case and the defendant did not assert in his motion for new trial or at any evidentiary hearing thereon that such a transcript did exist. It should further be pointed out that the knowledge which the defendant apparently had with respect to such discrepancy was knowledge that he had himself and was also readily available to him from his son-in-law and daughter who had allegedly witnessed the discrepancy.

■ The final error asserted by defendant to be so prejudicial as to entitle him to a new trial occurred during the

direct examination of the defendant. Counsel asked his client, the defendant, to stand up and to demonstrate to the jury what he did when he struck the complaining witness. After this demonstration the State objected to any further demonstration and asked the court to direct the defendant to return to the witness stand. This request was granted by the court. The defendant now complains that this action by the court prevented him from demonstrating how the complaining witness then engaged the defendant in a bear hug causing both to fall to the ground. Demonstrations in front of a jury are matters that are within the sound discretion of the trial judge. *Geisel v. Haintl*, 427 S.W.2d 525, 529 [2] (Mo.1968). We see no reason to hold that the court abused its discretion in the trial of this case when defendant was required to return to the witness stand.

The judgment is affirmed.

PUDLOWSKI, P. J., and GUNN, J., concur.