**STATE of Missouri, Respondent,**

v.

**Marlene Dee CASS, Appellant.**

**No. 42556.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 14, 1981.

Herbert D. Schaeffer, Clayton, Brassil, Rohlfing & McDonald, James L. Rohlfing, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Mark W. Comley, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Jury conviction for assault in the first degree, in violation of § 565.050, RSMo. 1978, and exhibiting a weapon in a rude, angry and threatening manner, in violation of § 571.115, RSMo. 1978. Defendant was sentenced to seventeen years imprisonment and five years imprisonment, respectively, the sentences to run concurrently. We affirm.

On March 15, 1979, defendant and Jackie Wilkins went to Georgia's Bar, located at 2805 Shenandoah, St. Louis, Missouri. At approximately 9:00 p. m., defendant shouted "I've had enough of this" and fired a gun into the air. Pat Long, a customer who had been playing pinball, rushed over to defendant and, with the aid of another customer, wrestled the gun away from her.

Pat Long took the weapon behind the bar and put it in a trash can.

Not long thereafter, Jackie Wilkins and another woman, Sue Waters, began physically fighting. As the other customers moved away from the fight, Pat Long went upstairs to telephone the police and defendant went behind the bar, fetching the gun from the trash can. Meanwhile, Georgia Barbeau, the owner of the Georgia's Bar, observed the scuffle and attempted to separate Wilkins and Waters. Still involved in breaking up the fight, Ms. Barbeau looked up and saw the defendant pointing a gun at her. Defendant fired the gun, the discharged round striking Georgia Barbeau in the forehead.

Darlene Russell, who had walked to a position close to defendant, saw the defendant with her arm in the air and a gun in her hand. Darlene grabbed defendant's arm but defendant put the gun in Darlene's stomach stating, "I'll not hesitate to put a couple of bullets in your gut." Defendant pushed Darlene to the ground and ran out the door with Jackie Wilkins. Darlene then heard that Ms. Barbeau had been shot so she returned to her feet and pursued defendant, unsuccessfully.

Defendant and Jackie Wilkins ran into an alley where defendant disposed of the gun, dropping it on a chair. The police arrested defendant shortly thereafter, in another nearby alley. The gun was later discovered by a police track dog on the chair where defendant had left it.

Defendant testified on her own behalf stating that she found the gun on the bar floor and fired the first time believing it to be a toy. She further stated that she later retrieved the gun and fired into the floor at the end of the bar to stop the fighting and in defense of Jackie Wilkins. She admitted running from the bar with the gun and disposing of the gun on a chair in an alley.

The defendant does not challenge the sufficiency of the evidence but complains of a number of trial errors. She first complains of error in the trial court's instructions to the jury. Having failed to

preserve this for review, defendant seeks review of this point as "plain error." Rule 29.12(b). Defendant has the burden of showing manifest injustice or miscarriage of justice required for consideration of error under Rule 29.12(b). The benchmark of "plain error" is not easily discernable. Even the most flagrant, undisputed examples of error are not necessarily subject to characterization as "plain error." *State v. Moore*, 575 S.W.2d 253, 254-55 (Mo.App. 1978). Defendant's burden, in this regard, is heavy. "Prejudicial error" and "plain error" are not synonymous terms, and "prejudicial error" does not inevitably rise to the level of "plain error." *State v. Miller*, 604 S.W.2d 702, 706 (Mo.App.1980). In general, instructional error is not "plain error" unless the trial court misdirects the jury or fails to instruct the jury on the law of the case resulting in manifest injustice to the defendant. *State v. Harley*, 543 S.W.2d 288, 292 (Mo.App.1976).

█ The trial court, herein, instructed the jury on three degrees of assault. Defendant offered an instruction on justifiable use of force in defense of third persons. The instruction was given to the jury in relation to the assault. It contained, among others, the words "deadly force," and matched the pattern instruction contained in MAI–CR. 2.41.2. MAI–CR. 2.41.2, Note on Use 2, places a mandatory obligation on the trial court to give a separate instruction defining "deadly force." Although the trial court provided definitions of "recklessly," "serious physical injury" and "deadly weapon," it failed to define "deadly force." This omission constituted error, but the burden is on defendant to show that it rises to "plain error." Defendant has not met this burden. Rule 29.12(b).

█ The defendant did not offer the justification defense instruction specifically in relation to the charge of exhibiting a weapon and the trial court did not give the jury such instruction. The defendant once again contends that this was plain error. We disagree. MAI–CR. 2.41.2, Note on Use 3, provides that the "burden of injecting the issue" of defense of third persons is on the

defendant and the instruction must be given whenever there is evidence to support it. In *State v. Cole*, 508 S.W.2d 705 (Mo.App. 1974), where a self-defense instruction was applicable to an assault charge but not to a related exhibiting charge, the court found prejudicial error and reversed. The review in *Cole*, however, was not under "plain error." Defendant has failed to demonstrate manifest injustice or miscarriage of justice and there is no rule of "plain error" per se within the meaning of Rule 29.12(b). *State v. Moore*, 575 S.W.2d 253, 254 (Mo.App. 1978).

The above-mentioned instructional errors did not rise to the level of "plain error." The failure to comply with the requirements of the MAI–CR was error but the prejudicial effect did not amount to plain and reversible error. See, *State v. Grant*, 560 S.W.2d 39 (Mo.App.1977). Defendant has failed to make a strong showing of manifest injustice in light of the overwhelming evidence of guilt. See, *State v. Ball*, 591 S.W.2d 715 (Mo.App.1979); *State v. Bryant*, 583 S.W.2d 585 (Mo.App.1979).

█ Defendant next complains of error in the prosecution's closing argument. She contends that the prosecutor argued questions of law in stating as follows:

So where is self-defense in this case? It's not where—and he, Mr. Schaefer, may like to talk about accident. You know, the Judge, although there isn't any evidence of it, of certain things, he's got to instruct you on every remote possibility. That's the way the law is.

MR. SCHAEFFER: Your Honor, I object to that. That is not what the law is. It's the Judge's discretion at [sic] to what he wants and I think that's in [sic] improper argument.

THE COURT: Overruled. I will instruct the jury that the Court must instruct on all the law in which there is any evidence. That's the purpose of an instruction.

The prosecuting attorney should not argue questions of law during closing argument. *State v. Williams*, 588 S.W.2d 70, 74 (Mo.

App.1979). We find, however, that this comment was not so injurious and unwarranted as to constitute a ground for reversal. *State v. Kimmins*, 514 S.W.2d 381, 382 (Mo.App.1974). The trial court's admonishment to the jury following defendant's objection had an immediate, curative effect rendering the statement harmless error.

Defendant also complains of error in the introduction into evidence, over defendant's objection, of three shell casings. The gun was found about two blocks from the bar, in the alley where defendant admitted leaving it. A police officer found three spent shell casings in the revolver's chamber. He removed the casings from the chamber and placed them in an envelope upon which he wrote his name and serial number. The officer sealed the envelope and delivered it to the police department's laboratory. Because the envelope shown to him was not sealed, the police officer was unable to identify the three shell casings at trial. The trial judge registered his concern over the paucity of testimony on the subject of custody and identification, but admitted the shell casings into evidence, noting his belief that the exhibit did not prove or disprove any of the issues in the case. The admission of the shell casings into evidence was error but it was harmless error. See, *State v. Roper*, 591 S.W.2d 58, 61 (Mo.App. 1979). The evidence showed the gun had been fired three times. There is no showing of prejudice to defendant by the admission of the shell casings.

We have carefully reviewed the transcript and have determined that the defendant received a fair trial. In light of the overwhelming weight of the evidence supporting the convictions the judgment of the trial court is affirmed.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.