**STATE of Missouri, Respondent**

v.

**Larry D. MILLER, Appellant.**

No. 43203.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

William J. Shaw, Public Defender, Lauren Weisfeld, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was charged in a five count indictment. Two of the counts were for robbery first degree, two were for armed criminal action, and one was for stealing a motor vehicle. Prior to trial the court dismissed the armed criminal action complaints and defendant waived a jury trial. The case was submitted to the court on stipulated facts. It was agreed the court would consider state's exhibit no. 1, which contained a series of police reports, as the evidence. The court found defendant guilty of all three counts and sentenced him to serve a term of 17 years on each robbery charge and a term of 10 years on the motor vehicle charge. The sentences were to run concurrently. Defendant appeals. We affirm.

On appeal defendant contends that there was insufficient evidence to convict him. The finding of the court in a jury-waived criminal case has the effect of a jury verdict and must be reviewed in the same manner. Rule 27.01(b); *State v. Mares*, 570 S.W.2d 332, 333 (Mo.App.1978). In determining the sufficiency of the evidence we accept as true all evidence, including circumstantial evidence, tending to prove defendant's guilt, together with all favorable inferences that can reasonably be drawn therefrom, and disregard all contrary evidence and inferences. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980), *vacated on other grounds and remanded*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), *modified and re-adopted* 612 S.W.2d 1 (Mo. banc 1981).

The evidence before the court revealed that on July 21, 1977, two men entered the

McGregor Sporting Goods store in St. Louis County. The first was a white male, approximately 6 feet tall, about 50 years old, wearing a green shirt and hat, and dark pants. This man was later identified as Roy Earl Schultz. The second man was a white male, about 5 feet 10 inches tall, 30 years old, with reddish blond hair, wearing a grey checkered shirt and blue jeans. The second man asked Robert McGregor if the store was closed. McGregor replied that it was not. The second man then asked for ammunition for a 45 automatic. As McGregor walked toward the main counter, Schultz pulled out a revolver and ordered McGregor and his two young children to the back of the store. McGregor's hands were then bound. The two men collected cash, guns, knives and ammunition. A short time later Robert's father, Tom McGregor, entered the store. He was met by the two men who took him to the back of the store where his hands were also bound. The McGregors were then taken to the basement where the men took Robert's wallet and keys and Tom's wallet, watch and diamond ring. The robbers locked them in the basement, and then left. Robert heard two vehicles depart, and later found that his 1977 Ford station wagon had been taken. The McGregors were freed by the children and they called the police.

On the floor behind the counter area the police found a warranty card corresponding to one of the guns taken in the robbery. The police were able to lift a palmprint from the card. The police compared this print to a set of palmprints taken from defendant after his arrest, and concluded that the print on the card was definitely defendant's.

The evidence further revealed that defendant and Schultz had escaped from the Kansas State Penitentiary in Lansing, Kansas on July 19, 1977. An FBI report indicated that defendant is a white male, 29 years old at the time of the robbery, 5 feet 11 inches tall, 165 pounds, with "blondish brown" hair.

When Schultz was apprehended considerable property taken from the McGregor store was found on him. Defendant was arrested in Colorado on August 8, 1977, and admitted that he escaped with Schultz but contended he had been in Colorado since the escape.

Defendant's challenge to the sufficiency of the evidence does not go to the elements of the crime. He contests the identification. He argues that the only identification evidence was the palmprint and that that could have been left at a time other than during the robbery.

The record in this case consists entirely of police reports. Such a record leaves much to be desired. Statements made in them are susceptible of varying interpretations. Such a procedure is not to be encouraged. Nevertheless defendant, who was clearly experienced in court procedure, voluntarily chose this route, even after defense counsel had secured for attendance at trial the two alibi witnesses sought by defendant.

Our reading of the police reports and our interpretation of them lead us to the conclusion that the state sustained its burden of proving that defendant was the man participating with Schultz in the crime. Defendant escaped from prison in another state just two days prior to the robbery, and he escaped with the man positively identified as the first of the two robbers. Defendant's palmprint was found at the scene of the robbery, impressed on a warranty card matching a gun stolen in the robbery, and the card was found in an area behind the counter. Defendant's physical appearance matches the description of the second robber provided by the victim. We feel the print "could only have been impressed at the time the crime was committed." *State v. Allen*, 420 S.W.2d 330, 333 (Mo.1967). There being no challenge to the proof of the elements of the crime, and the record clearly supporting the state in this regard, we affirm the convictions.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.