STATE of Missouri, Respondent,

v.

**Elmer PARTON, a/k/a Michael Parton, Michael Bradley, Gerald Johnston, Charles Watson, Appellant.**

No. 44125.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

we have reviewed it and find no merit to his

John T. McCaffrey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted of uttering a forged instrument in violation of § 570.-090.1(4) RSMo.1978 and was sentenced as a persistent offender to a term of ten years to be served concurrent with two other ten year concurrent sentences. We find no merit to his points of alleged trial court error and affirm his conviction.

On June 24, 1980, Frank Lauman, Jr., manager of Dee's Place, a tavern located in the City of St. Louis, cashed a $25.00 check drawn on the account of Brenda Forester for defendant. The defendant endorsed the back of the check with the name of Mike Bradley in the presence of Mr. Lauman. On July 2, 1980, the check was returned to Lauman unpaid, stamped with the notation, "Signature not like on file."

Brenda Forester testified that on June 17, 1980, she allowed the defendant to spend the night in her apartment. The next day she left town for the weekend, returning on Sunday. She further testified the defendant, without her permission, had remained in the apartment over the weekend. On or about June 27, she received notice from her bank that her account was overdrawn. At that time, she discovered several blank checks missing from her checkbook, including check number 149. She testified she did not sign the check and gave no one permission to sign it.

Defendant testified in his own behalf, and admitted taking a blank check from

contentions.

Brenda Forester, but said he did so with her consent. He also testified that he repaid her the money after he cashed the check.

■ On appeal, defendant contends that his motion for judgment of acquittal at the close of the entire case should have been granted because the physical evidence upon which the state based its case was irreconcilable with the testimony adduced. There is no merit to defendant's point.

Defendant appears to argue that because Brenda Forester testified that check number 149 was debited against her account and the check on its face establishes that it was returned unpaid that that creates a discrepancy and contradiction which cannot support a verdict of guilty.

The record belies the defendant's contention. Brenda Forester at no time testified that check number 149 was debited against her account. In fact, she testified that checks 148, 149, and 150 "were sent back ... they didn't clear the bank so they were sent back to the tavern where he cashed them." State's Exhibit No. 1, the check, clearly has stamped on its face, "Returned ... Signature not like on file." We fail to see any discrepancy between her testimony and the notation on the check itself.

■ More fundamentally though, even if this constituted an inconsistency, the weight of the evidence is not a matter for our review. Our function is to determine whether there was substantial evidence to support the verdict. *State v. Woodard*, 499 S.W.2d 553, 556 (Mo.App.1973). The credibility of the witnesses and the weight and value to be given their testimony are matters within the exclusive province of the jury. *State v. Wright*, 476 S.W.2d 581 (Mo. 1972).

■ We have carefully reviewed the entire record and it is apparent that the evidence and inferences viewed in the light most favorable to the state constitute substantial evidence to support the verdict.

In defendant's remaining points, he contends the trial court erred in submitting Instruction No. 6, modeled after MAI–CR2d 2.60 because it failed to inform the jury it could impose a fine as part of his punishment. He also contends the trial court erred in allowing the state to amend the information at the persistent offender hearing to correctly allege the date of one of his prior felony convictions. In a *pro se* supplemental point relied on, defendant attacks the finding of the trial court that he was a persistent offender.

All of these precise allegations of error were ruled on in *State v. Parton*, 637 S. W.2d 42 (Mo.App.—E.D.1982). The opinion in that case was handed down simultaneously with the opinion in this case. We need not set forth here the reasoning and rationale of that case. It is sufficient to adopt here by reference the rulings made there.

Affirmed.

SNYDER and CRIST, JJ., concur.