**STATE of Missouri, Respondent,**

v.

**Elmer PARTON, a/k/a Michael Parton, Michael Bradley, Gerald Johnston, Charles Watson, Appellant.**

No. 44126.

Missouri Court of Appeals, Eastern District, Division Three.

April 13, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

John T. McCaffrey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A.

Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted of uttering a forged instrument, a violation of § 570.090.-1(4) RSMo. 1978 and was sentenced to ten years as a persistent offender to be served concurrently with two other concurrent 10 year sentences for uttering a forged instrument. We find no merit to his points of alleged trial court error and affirm his conviction.

On or about May 7, 1980, William Hale, president of Hale Motor Company discovered several of his payroll checks missing. On or about that same date, the defendant presented a check payable to Michael Bradley, drawn on Hale Motor Company to Paul Coffey, the proprietor of Neumann's Tavern located in the City of St. Louis. Coffey knew the defendant as Michael Bradley. The defendant endorsed the check in Coffey's presence and received the proceeds of the check in the amount of $217.00. The check was ultimately returned unpaid to Coffey who reported the incident to police. William Hale testified that he did not sign the check in question nor did he authorize anyone to sign the check. He further testified he knew no one by the name of Michael Bradley nor did Hale Motor Company employ anyone by that name.

Defendant contends the trial court erred in submitting Instruction No. 6, modeled after MAI–CR2d 2.60 because it failed to inform the jury it could impose a fine as part of defendant's punishment. He also contends the trial court erred in allowing the state to amend the information at the persistent offender hearing to correctly allege the date of one of his prior felony convictions. In a *pro se* supplemental point relied on, defendant attacks the finding of the trial court that he was a persistent offender.

All of these precise allegations of error were ruled on in *State v. Parton*, 637 S. W.2d 42 (Mo.App.—E.D.1982). The opinion in that case was handed down simultaneously with the opinion in this case. We need not set forth here the reasoning and rationale of that case. It is sufficient to adopt here by reference the rulings made there.

Affirmed.

SNYDER and CRIST, JJ., concur.