STATE of Missouri,
Plaintiff–Respondent,

v.

Randy Allen MILLER,
Defendant–Appellant.

No. WD 41279.

Missouri Court of Appeals,
Western District.

July 11, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1989.

Application to Transfer Denied
Nov. 14, 1989.

William N. Marshall, Gersh, Reppell & Marshall, Grandview, for defendant-appellant.

J. Dennis Laster, Pros. Atty., Harrisonville, for plaintiff-respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

TURNAGE, Presiding Judge.

Randy Miller was charged with interfering with an arrest in violation of § 575.150.1(2), RSMo 1986.[1] Trial by a jury resulted in a verdict of guilty and recommended sentence of nine months in the county jail. The court imposed punishment according to the recommendation.

Miller contends the evidence was insufficient to support the verdict, that the court erred in refusing a demonstration, and that the State failed to make disclosure of a witness's statement. Affirmed.

In December, 1986, Sgt. Dyke, a Harrisonville police officer, observed a number of traffic law violations by Donald Dryden while Dryden was driving his automobile with Miller as a passenger. Dyke stopped the Dryden automobile and removed Dryden after he observed that Dryden was intoxicated. Dyke informed Dryden that

1. All sectional references are to RSMo 1986.

he was arresting him for driving while intoxicated.

Dryden was struggling with Dyke and while Dyke had Dryden on the ground and was attempting to place hand cuffs on him, Miller got out of the car and started toward Dyke waving his arms and shouting obscenities. Dyke told Miller to go back and stand by the car, but when Miller continued to advance Dyke drew his revolver. Miller grasped Dyke's wrist while Dyke was holding his gun and in the struggle that followed the gun discharged and Miller was struck in the arm.

Miller's version was that he was standing by the car with his arms folded when Dyke shot him.

The information charged Miller with the Class A Misdemeanor of interfering with an arrest while Dyke was making an arrest of Dryden for driving while intoxicated.

Miller first contends the evidence was insufficient to show that Dyke arrested Dryden for a crime. Section 575.150.1(2) makes it a crime for one to interfere with the arrest of another by using or threatening the use of violence, physical force or physical interference. Section 575.150.2 provides the section applies to arrests with or without warrant and to arrests for any crime or ordinance violation.

 Dyke testified that he told Dryden that he was under arrest for driving while intoxicated. Section 577.010 provides that driving while intoxicated is a Class B Misdemeanor for the first offense. Under the testimony of Dyke the jury was entitled to find that Dyke arrested Dryden for the misdemeanor of driving while intoxicated in violation of state law. The trial court and this court can take judicial notice that driving while intoxicated is an offense under state law and direct proof of that fact was not necessary. *State v. Furne*, 642 S.W.2d 614, 616[2] (Mo. banc 1982). The statement by Dyke was sufficient evidence from which the jury could find that Dryden was being arrested for the state offense of driving while intoxicated. The evidence was sufficient to show the arrest of Dryden for a crime and the physical interference by Miller with that arrest.

Miller argues that since Dyke was a city police officer it was likely that he was arresting Dryden for an ordinance violation and not a state law violation. He further contends no ordinance was introduced in evidence so there was no ordinance violation shown. However, Miller does not deny that Dyke could arrest for state law violation as well as ordinance violations. Because driving while intoxicated is a state offense the evidence was sufficient to show that the arrest was for a crime under state statute.

 Miller next contends that the court erred in failing to allow his counsel to have Dyke kneel on the floor to demonstrate his position at the time Miller grasped his wrist. The record shows that on direct examination Dyke had twice demonstrated how he was holding his pistol and how he twisted his hand in an attempt to free his hand and gun from the hold of Miller. The record indicates that a similar demonstration was given by Dyke on three or four occasions during cross-examination. After all of this, counsel wanted Dyke to kneel on the floor to again demonstrate how he was holding the pistol when he was grabbed by Miller. Demonstrations before a jury are matters within the discretion of the trial court. *State v. Sadler*, 613 S.W.2d 682, 686 (Mo.App.1981). No abuse of discretion is shown when the court refused to have Dyke demonstrate the same thing for at least the fifth time.

 Miller further contends that the demonstration would have shown that the shooting could not have occurred as Dyke said it did. Miller contends the demonstration was necessary to show that the shooting as related by Dyke was against the laws of nature or clearly in contravention of scientific principles as established by the law of physics. However sound the so called "physical facts rule" may be, it does not apply to the credibility of witnesses. *State v. Duncan*, 540 S.W.2d 130, 134[1] (Mo.App.1976). Here, the only question involved was the credibility of Dyke and his version about how the shooting occurred and the credibility of Miller and his version.

There is no showing that the sixth demonstration of how Dyke was holding the gun would have proved that the shooting could not have occurred in the manner related by Dyke. The question was simply one of the credibility of the testimony of Dyke which was for the jury.

 Miller finally contends the State failed to reveal a statement made by Dryden prior to trial even though Miller filed a request for disclosure under Rule 25.03. Miller called Dryden as a witness although Dryden had been endorsed by the State as a witness. On cross-examination the State elicited information which indicated that Miller had made a statement prior to trial. In answer to Miller's request for disclosure the State had not revealed any statement by Dryden. The State contends that it was not obligated to reveal any statement by Dryden because the statement was not in writing or recorded and no summary had been made of Dryden's oral statement. Rule 25.03(A)(1) only required the State to disclose written or recorded statements of persons the State intends to call as witnesses and existing memoranda reporting or summarizing part or all of their oral statements. Since the State did not have a written or recorded statement nor did it have any written memoranda or summary or any part of Dryden's oral statement, there was no requirement that the State disclose any information concerning the statement. *State v. Kerfoot,* 675 S.W.2d 658, 661[3, 4] (Mo.App.1984).

The judgment is affirmed.

All concur.