**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Thomas Alan DUCKWORTH,
Defendant–Appellant.**

No. 56813.

Missouri Court of Appeals,
Eastern District,
Northern Division.

April 24, 1990.

Lois M. Drossman, St. Charles, for defendant-appellant.

Jeffrey A. Robertson, Troy, for plaintiff-respondent.

REINHARD, Judge.

The trial court convicted defendant of possession of 35 grams or less of marijuana and sentenced him to ten days' imprisonment, nine of which were suspended and one of which was ordered executed as "shock time." Defendant appeals; we affirm.

In his sole point on appeal, defendant challenges the *sufficiency* of the evidence to sustain his conviction. In a jury-waived case, the findings of the court have the force and effect of a jury verdict. "Appellate review of the trial court's findings is in the same manner as a review of a jury verdict. Thus, we will affirm the finding if it is supported by substantial evidence. In determining whether there was substantial evidence, we accept as true all evidence and all inferences drawn therefrom which are favorable to the decision; we disregard all evidence and inferences to the contrary." *State v. Mischanko*, 743 S.W.2d 867, 868 (Mo.App.1987).

The state's evidence was that on the evening of December 16, 1988, Officer Brodt drove past a nightclub in Troy, Missouri and observed an automobile with two men in it. The dome light was on, and Brodt observed the driver with his head down doing something with his hands. Brodt parked approximately 75 feet behind the automobile and turned his lights off. Using binoculars, Brodt saw defendant, wearing glasses and a brown leather jacket, get into the back seat of the automobile. The dome light was turned off, and the driver lit what appeared to Brodt to be a marijuana cigarette. The driver took a "drag" and passed the cigarette to the front seat passenger who in turn passed it to defendant. Defendant took a drag and returned the cigarette to the driver. The process was repeated. The front seat passenger and defendant went into the nightclub. Brodt walked up to the automobile and asked the driver to open the door. When the driver did so, Brodt smelled marijuana. He searched the automobile and found a Tylenol bottle with marijuana in it. Brodt arrested the driver and towed the automobile to the sheriff's office where a more thorough search revealed a plastic bag containing marijuana and two marijuana cigarettes, one partially used and one unused. Defendant arrived at the station with another man to inquire about the driver. He was wearing glasses and a brown leather jacket; Brodt, recognizing him from earlier in the evening, placed defendant under arrest. The driver testified at trial that on the night in question he did in fact light a marijuana cigarette and pass it to the front seat passenger who in turn passed it to the back seat area. He also testified that defendant was in the back seat, but that he did not see defendant actually receive the marijuana cigarette.

Defendant testified that he had been inside the nightclub and that he went out to the car to tell the passengers (who were members of his band) what the first three songs to be played were. He also told them to hurry. Defendant stated that when the "joint" was passed to him, he declined to use it and went back inside the nightclub. He explained, "I don't use it."

Here, defendant was found guilty of possessing the marijuana cigarette. The state's case was based on direct proof of defendant's actual possession of the cigarette; thus defendant's reliance on constructive possession cases such as *State v. Brown*, 683 S.W.2d 301 (Mo.App.1984), is misplaced. *See State v. Barnes*, 736 S.W.2d 471, 473 (Mo.App.1984). Officer Brodt's testimony was essential to the state's proof of actual possession, but any inconsistencies were for the trial court, not us, to determine. *State v. Sadler*, 613 S.W.2d 682, 684 (Mo.App.1981).

In oral argument, defendant argued that the judgment was against the weight of the evidence. Our function is to determine whether there was substantial evidence to support the conviction; we do not weigh the evidence. *See State v. Parton*, 637 S.W.2d 42, 43 (Mo.App.1982).

Judgment affirmed.

SIMON, C.J., and DOWD, J., concur.